**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1115-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NORMAN PINKNEY, a/k/a
TERRANCE LONG,

    Defendant-Appellant.

_____

Submitted February 14, 2024 – Decided November 14, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 19-11-1182.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Meagan E. Free, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

WALCOTT-HENDERSON, J.S.C. (temporarily assigned).

Defendant Norman Pinkney appeals from a September 28, 2022 order denying without an evidentiary hearing his post-conviction relief (PCR) petition that claimed ineffective assistance of counsel. Defendant asserts that plea counsel failed to file a motion to suppress evidence and a Miranda[1] motion to suppress a statement he had made to police at the time of his arrest. Unpersuaded by defendant's arguments, we affirm.

I.

We summarize the pertinent and undisputed facts relied on by the defendant and the State which are taken solely from Officer Chris Otundo's investigative report, mindful they have not yet been established at trial. On July 10, 2019, members of the Jersey City Police Department's Street Crimes Unit were operating unmarked vehicles and surveilling the area of Myrtle Avenue and Martin Luther King (MLK) Drive in Jersey City during daytime hours. Officer Otundo, a member of the Unit, was surveilling the area in question when he reportedly observed an individual, later identified as defendant, loitering in an area described as an "open-air drug market" for approximately thirty minutes

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

before walking towards and entering a vehicle parked on the north side of Myrtle Avenue. Officer Otundo stated in his report that from his location he could see that an unidentified male carrying an unknown amount of U.S. currency walk to the parked vehicle occupied by defendant, knock on the window, and enter the vehicle. The unidentified male exited the vehicle moments later without any money visible in his hand and walked away. Officer Otundo stated in his investigative report that he "believed that [he] had observed a hand-to-hand [controlled-dangerous-substance (CDS)] transaction."

Officer Otundo relayed his observations of defendant and the unidentified male to other officers who were also on patrol. In the meantime, the vehicle occupied by defendant drove away, then returned to Myrtle Avenue approximately thirty minutes later and drove off again.

At Officer Otundo's request, patrol officers searched for and stopped the vehicle, which was operated by defendant. According to Officer Otundo's report, defendant immediately attempted to exit the vehicle when the officers initiated the motor vehicle stop. Officers, however, ordered him to stay inside, and he complied with their instruction. Another officer, Anthony Haddad, reported that defendant "appeared to be visibly nervous, apprehensive, was stuttering and was sweating profusely," and all the responding officers on the

scene detected the "distinct odor of suspected [phencyclidine (CDS-PCP)] emanating from the inside of the vehicle."

Officer Haddad observed on the front passenger floor of the vehicle a partially opened black leather fanny pack containing small jars of liquid. When questioned about the bag, defendant "spontaneously uttered," "[w]hatever you got in the bag is all I got . . . there's nothing else in the car. [2]" Officer Haddad retrieved the bag containing eight clear jars of suspected CDS-PCP. Defendant was immediately placed under arrest without incident, and the vehicle was impounded.

On November 20, 2019, a Hudson County grand jury returned an indictment charging defendant with possession of CDS-PCP in the third degree N.J.S.A. 2C:35-10(a)(1) (count one); possession of CDS-PCP with intent to distribute in the first degree, N.J.S.A. 2C:35-5(a)(1) and 35-5(b)(6) (count two); possession of CDS-PCP with intent to distribute within 1,000 feet of school property in the third degree, N.J.S.A. 2C:35-7(a) (count three); and possession of CDS-PCP with intent to distribute within 500 feet of public property in the second degree, N.J.S.A. 2C:35-7.1(a) (count four).

---

[2] The full quote from Officer Otundo's investigative report includes the ellipses shown here.

On May 18, 2020, defendant pleaded guilty to third-degree possession of CDS-PCP (count one) pursuant to a plea agreement with the State. The State agreed to dismiss the remaining charges, including the first-degree possession-with-intent charge (count two), and defendant was later sentenced to a three-year term of probation. Defendant did not appeal his conviction or sentence.

During his plea allocution, defendant admitted to the factual predicates for the crime to which he had pleaded guilty and advised the judge: he understood everything that had been discussed, including the plea agreement and everything in the plea form; counsel had reviewed the plea form with him; he had not been coerced into signing the plea form; and his answers on the plea form were true. When the judge asked defendant, "[a]re you satisfied with [your counsel's] advice and representation," defendant responded, "[y]es, sir."

Defendant timely filed a pro se petition for PCR, stating "I feel like my right to a trial was on many occasions denied and a false plea was [coerced] due to fear of being hurt for coming forth." Assigned counsel filed a brief in support of defendant's pro se PCR petition, alleging plea counsel had been ineffective by failing to file a motion to suppress the CDS-PCP evidence seized at the time the officers stopped the vehicle and by failing to file a Miranda motion to suppress defendant's statement to police during the stop. Defendant also argued

that plea counsel had failed to obtain and review all relevant discovery prior to advising him to accept the State's plea offer.

The State argued that defendant had been indicted on a first-degree possession-of-CDS-PCP-with-intent-to-distribute charge and had pleaded guilty to a third-degree possession offense. The State also recounted the circumstances underlying the officer's stop of defendant's vehicle and maintained that the officer's observations were sufficient to establish reasonable and articulable suspicion for the stop.

On September 28, 2022, the PCR court issued a written decision and order denying defendant's PCR petition. The PCR court found defendant was not entitled to an evidentiary hearing because there were no disputed facts, as both defendant and the State had relied on the same investigative report. Addressing defendant's argument that plea counsel provided ineffective assistance by failing to move to suppress evidence, the court concluded that defendant had ignored several relevant facts in making his argument, including that Officer Otundo "observed an unidentified male carry U.S. currency to the vehicle, knock on the window, enter the vehicle, and after about ten to fifteen seconds exit the vehicle without any money." The court further found that Officer Otundo's "observations, training, and experience, in addition to his knowledge of the area

6

. . . and the relevant facts discussed [are] sufficient to establish a reasonable and articulable suspicion" that defendant was involved in a CDS transaction.

The PCR court held that the officers had probable cause to believe that the jars they observed on the passenger floor of defendant's vehicle contained CDS-PCP before seizing them. The court based its decision on Officer Haddad's observations of the fanny pack containing the jars of liquid, in plain view, the odor of CDS-PCP, and defendant's demeanor, which the officers described as "visibly nervous."

The court also concluded that defendant's assertion that plea counsel was ineffective by failing to move to suppress his statement to the officers lacked merit because the State "ha[d] an obligation to move to admit [defendant]'s alleged confession or other inculpatory statement at a N.J.R.E. 104(c) hearing," stating "in terms of the Miranda motion, the burden is on the State to move to admit the statement. Defense [c]ounsel is not obligated to file the [m]otion to [s]uppress on the Miranda [motion]," and, at the time of the plea, "there was not a [m]otion filed by the State to admit [the statement] . . . So as of the time of the plea, that statement wouldn't have been coming in anyway." See Biunno, Weissbard & Zegas, Current N.J. Rules of Evidence, cmt. 6 on N.J.R.E. 104 (2024) (citing State v. Miller, 76 N.J. 392, 404-05 (1978)) ("Voluntariness of a confession or other inculpatory statement by an accused must always be

established by the State at a N.J.R.E. 104(c) hearing before it can be introduced into evidence at trial"); see also State v. Scott, 398 N.J. Super. 142, 153 (App. Div. 2006), aff'd o.b., 193 N.J. 227 (2008).

The court also found that "[defendant] was charged with a first-degree crime, and he had plead[ed] to a third-degree crime receiving three years' probation," and he had "failed to demonstrate how counsel's assistance was not within the range of competence demanded of attorneys in criminal cases." The court noted that defendant's claim that he had not received full discovery prior to entering his guilty plea was too vague and not supported by any affidavit, certification or credible evidence, and defendant had "failed to articulate what discovery materials he failed to receive or what those materials would have shown that could have influenced his decision to plead guilty or go to trial." This appeal followed.

Defendant presents the following arguments for our consideration.

POINT I

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE THE FAILURE OF PLEA COUNSEL TO FILE A MOTION TO SUPPRESS BOTH PHYSICAL EVIDENCE AND EVIDENCE OF AN ALLEGED ORAL STATEMENT MADE BY DEFENDANT, WHEN THE INVESTIGATING OFFICER'S REPORT REVEALED THE MOTIONS HAD MERIT, ESTABLISHED A

PRIMA FACIE CASE OF INEFFECTIVENESS ASSISTANCE OF COUNSEL.

POINT II

THE FAILURE OF PLEA COUNSEL TO FILE AND LITIGATE MOTIONS TO SUPPRESS PHYSICAL EVIDENCE, AND A STATEMENT ALLEGEDLY MADE BY DEFENDANT, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where, as here, the PCR court has not conducted an evidentiary hearing, we may "conduct a de novo review" of the court's "factual findings and legal conclusions." Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

When a defendant claims ineffective assistance of counsel as the basis for relief, he must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which was adopted by our Court in State v. Fritz, 105 N.J. 42, 58 (1987). To satisfy the standard's first prong, a defendant must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel'

9

guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under Strickland's second, "and far more difficult prong," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neal, 190 N.J. 601, 629 (2007) (citations omitted) (quoting Strickland, 446 U.S. at 687). That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

In the context of a PCR petition challenging a guilty plea based on the ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial," State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v.

10

DiFrisco, 137 N.J. 434, 528 (1994)), and that "a decision to reject the plea bargain would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

To prevail on a PCR petition, a defendant must establish both prongs of the Strickland standard. Strickland, 466 U.S. at 687; State v. Nash, 212 N.J. 518, 542 (2013). "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). A failure to satisfy either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700. "Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." Gaitan, 209 N.J. at 350 (internal citations removed).

"[T]o establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "facts

sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. "[F]actual assertions in a [PCR must] be made by affidavit or certification in order to secure an evidentiary hearing." Jones, 219 N.J. at 312 (citing R. 3:22-10(c)).

We first address defendant's argument the court erred by rejecting his claims that plea counsel was ineffective by failing to file a motion to suppress the CDS-PCP recovered from his vehicle and an "alleged oral statement" he had made to officers at the time of his arrest; the statement memorialized in Officer Otundo's report that defendant "spontaneously uttered," "[w]hatever you got in the bag is all I got . . . there's nothing else in the car."

In response, the State contends the PCR court properly denied defendant's PCR petition because defendant failed to establish a prima facie case of ineffective assistance of counsel and the court properly found that plea counsel was not ineffective by failing to move to suppress the CDS evidence and defendant's statement to police. The State maintains that based on Officer Otundo's "observations, experience, and training, as well as his knowledge of the area being known as an 'open-air drug market,' the officer had a reasonable and articulable suspicion to believe [defendant] participated in a CDS transaction" and lawfully ordered the stop of defendant's vehicle under Terry v. Ohio, 392 U.S. 1 (1968). The State further maintains that "[o]nce the officers

effectuated a valid traffic stop, they observed in plain view a partially open fanny pack containing glass vials with clear liquid inside," which officers could then seize under the plain-view doctrine under State v. Mann, 203 N.J. 328, 340-41 (2010).

In Mann, the Court held the plain-view exception to the warrant requirement required police officers to be "lawfully in the viewing area," discover the evidence "inadvertently," and it had to be "immediately apparent" to the officers that the items in plain view were evidence of a crime. Id. at 341. However, since Mann, our Supreme Court has redefined the elements of the plain-view exception to the warrant requirement. In State v. Gonzales, 227 N.J. 77, 101 (2016), the Court held that an inadvertent discovery of contraband or evidence of a crime is no longer a predicate for a plain-view search and seizure provided that an officer is lawfully present when observing an incriminating item and it is "immediately apparent that the seized item is evidence of a crime." Ibid.

The PCR court agreed with the State's argument that there was at least articulable suspicion for the stop based on the totality of the circumstances as recounted in Officer Otundo's report, including his observations of defendant loitering in the high drug traffic area, defendant's interaction with an unidentified male who approached defendant's vehicle with money in his hand,

knocked on the window and entered the vehicle, and then exited shortly thereafter without any money in his hand.

To sustain a claim for ineffective assistance of counsel based on an alleged failure to file a motion to suppress physical evidence or a Miranda motion, defendant must establish that the motions that plea counsel failed to file would have been meritorious or likely to succeed. O'Neal, 190 N.J. at 619; see also State v. Worlock, 117 N.J. 596, 625 (1990).

Generally, warrantless searches and seizures are per se unreasonable and prohibited under the United States and New Jersey Constitutions absent a recognized exception to the warrant requirement. State v. Smart, 253 N.J. 156, 164-65 (2023). One such exception is the investigative or Terry stop, "which is a procedure that involves a relatively brief detention by police during which a person's movement is restricted." State v. Goldsmith, 251 N.J. 384, 399 (2022) (citing State v. Rosario, 229 N.J. 263, 272 (2017)). "An investigative stop or detention does not offend the Federal or State Constitution, and no warrant is needed, 'if it is based on "specific and articulable facts which, taken together with rational inferences from those facts," give rise to a reasonable suspicion of criminal activity.'" Ibid. (quoting State v. Rodriguez, 172 N.J. 117, 126 (2002)) (quoting Terry 392 U.S. at 21). Reasonable suspicion "is a less demanding standard than probable cause." Ibid.

14

"The first component of the <u>Terry</u> rule concerns the level of reasonable suspicion that must exist before an 'investigatory stop' legitimately may be undertaken." <u>State v. Thomas</u>, 110 N.J. 673, 678 (1988). Our Supreme Court has stated that a police officer may conduct an investigatory stop if, "based on the totality of the circumstances, the officer had a reasonable and particularized suspicion to believe that an individual has just engaged in, or was about to engage in, criminal activity." <u>State v. Stovall</u>, 170 N.J. 346, 356 (2002).

"[I]n determining the lawfulness of an investigatory stop, a reviewing court must 'evaluate the totality of circumstances surrounding the police-citizen encounter, balancing the State's interest in effective law enforcement against the individual's right to be protected from unwarranted and/or overbearing police intrusions.'" <u>State v. Privott</u>, 203 N.J. 16, 25-26 (2010) (quoting <u>State v. Davis</u>, 104 N.J. 490, 504 (1986)). Thus, a judge must consider the entire picture rather than each fact in isolation. <u>State v. Nelson</u>, 237 N.J. 540, 554-55 (2019). "[T]he touchstone for evaluating whether police conduct has violated constitutional protections is reasonableness." <u>State v. Bard</u>, 445 N.J. Super. 145, 157 (App. Div. 2016) (internal quotation marks omitted). However, no one fact is issue-dispositive on what constitutes "reasonable and particularized suspicion" to conduct a stop. <u>Stovall</u>, 170 N.J. at 356.

15

Another exception to the warrant requirement is the plain-view doctrine. Gonzales, 227 N.J. at 90. Under this exception, a warrantless seizure of evidence in plain view is justified when "a police officer is lawfully in the viewing area and the nature of the evidence is immediately apparent." Id. at 82. To satisfy the "immediately apparent" prong, the officer must have probable cause to associate the item in plain view with criminal activity before seizing it. State v. Johnson, 171 N.J. 192, 213 (2002). In establishing probable cause, the officer need not prove that an officer's suspicion is "correct or more likely true than false." Id. at 215 (quoting State v. Bruzzese, 94 N.J. 210, 237 (1983)). Rather, "[p]robable cause exists if at the time of the police action there is 'a "well grounded" suspicion that a crime has been or is being committed.'" State v. Sullivan, 169 N.J. 204, 211 (2001) (quoting State v. Waltz, 61 N.J. 83, 87 (1972)).

As a preliminary matter, we reject defendant's argument that, because suppression motions are routinely filed in CDS cases, plea counsel's decision not to file a motion to suppress automatically constitutes ineffective assistance of counsel. Rather, where a defendant claims counsel's performance was deficient by failing to move to suppress evidence, he or she must demonstrate there is a reasonable probability the motion is meritorious. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); State v. Fisher, 156 N.J. 494, 501 (1998).

In his report, Officer Otundo states that he observed defendant loitering in the area of Myrtle Avenue and MLK Drive, an area known to be an open-air drug market. He then observed defendant enter a parked vehicle before an unidentified male walked up to the vehicle with U.S. currency in his hand, knocked on the window and entered the vehicle only to exit ten-to-fifteen seconds later, without any money in his hand. Officer Otundo noted in his report that these circumstances led him to believe that he had witnessed a hand-to-hand drug transaction prompting him to radio other officers to stop defendant's motor vehicle, which had left the scene and later returned only to drive away again a short time later.

The PCR court noted that defendant's argument ignored several of the relevant facts stated in Officer Otundo's report and failed to consider that Officer Otundo's experience, training and expertise also supported a reasonable and articulable suspicion defendant was involved in a CDS transaction.

We agree with the PCR court's conclusion that defendant's argument that "[a] motion to suppress would have revealed that . . . [O]fficer Otundo[] had defendant stopped and searched even though he never observed any criminal activity" is insufficient to establish that there was a meritorious motion to suppress that plea counsel should have filed in the trial court. Strickland, 466 U.S. at 682. We make this determination because in arguing that plea counsel

provided ineffective assistance by failing to move to suppress the CDS-PCP found in his vehicle, defendant fails to address Officer Otundo's observations of his conduct that was sufficient to justify the stop.  More particularly, defendant does not address Officer Otundo's observations of him allegedly loitering in the "open-air drug market" and his interaction with the unidentified male whom Officer Otundo suspected had been involved in a hand-to-hand drug transaction with defendant or Officer Otundo's training and experience in CDS transactions. While these circumstances individually may not establish reasonable suspicion necessary to conduct the motor vehicle stop at issue, the totality of these observations made by Officer Otundo was sufficient under Terry.  Nelson, 237 N.J. at 554-55 (finding that a judge must consider the entire picture rather than each fact in isolation).  We reject defendant's argument that the motor vehicle stop was invalid because it ignores that the entire picture and the totality of circumstances provided a reasonable suspicion of criminal activity.  See ibid.

The court accepted the undisputed facts as stated in Officer Otundo's report and, relying on State v. Arthur, reasoned that the officers lawfully conducted the stop after receiving information from Officer Otundo about a suspected CDS transaction that had just occurred within the vehicle in an area known for high levels of narcotics activity.  See 149 N.J. 1, 10-12 (1997) (holding that an officer had reasonable and articulable suspicion to conduct a

18

vehicle stop after receiving information from another officer about a suspected CDS transaction in an area known for high levels of narcotics activity). Based on this record, we are not persuaded by defendant's argument that the PCR court erred in concluding that defendant had failed to demonstrate plea counsel was ineffective by failing to file a meritless motion to suppress evidence seized in plain view following a stop of his vehicle that was unlawful.

Because defendant did not demonstrate the stop of his vehicle was unlawful, he failed to establish that plea counsel's performance was deficient by failing to move to suppress the CDS-PCP evidence. Kimmelman, 477 U.S. at 375. As the Supreme Court has explained, "it is not ineffective assistance of counsel for defense counsel not to file a meritless motion." O'Neal, 190 N.J. at 619; see also State v. Echols, 199 N.J. 344, 365 (2009) (stating a failure to make an unsuccessful argument does not constitute ineffective assistance of counsel).

To satisfy the first prong of Strickland, defendant must demonstrate that counsel's handling of his case "fell below an objective standard of reasonableness" and was "so serious that plea counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. Because defendant did not demonstrate a motion to suppress the CDS evidence recovered from his vehicle would have been successful, defendant did not carry his burden under Strickland's first prong, and, on that

19

basis alone, the court correctly denied the PCR claim plea counsel's performance was deficient by failing to file a motion to suppress the CDS-PCP. See State v. Marshall, 148 N.J. 89, 158 (1997); Worlock, 117 N.J. at 625. Moreover, because defendant also failed to demonstrate that the putative motion to suppress the CDS-PCP had merit, he could not and did not satisfy Strickland's second prong on the claim—that there is a reasonable probability that but for counsel's alleged error, the result of the case would have been different. 466 U.S. at 694.

III.

Defendant further argues that "counsel's inactivity was exacerbated because he failed to seek to suppress a statement defendant allegedly made, after the warrantless search, that came when he was questioned without the warnings required by Miranda v. Arizona." In Miranda, the United States Supreme Court in part held "an individual held for [custodial] interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation . . . ." 384 U.S. at 471.

The State asserts that at the time of his statement to the police officers, defendant was not in custody, officers were not required to advise him of his Miranda rights, and "[s]ince no Miranda warnings were required, no Miranda violation occurred." The State therefore contends "the PCR [c]ourt properly found that [defendant] has neither demonstrated" that the Miranda motion he

20

claims plea counsel should have filed was meritorious nor "that plea counsel's failure to file that motion constituted ineffective assistance of counsel."

In our assessment of defendant's claim, we first consider whether he satisfied his burden under Strickland's second prong. As we have explained, a court considering an ineffective-assistance-of-counsel claim may first consider a defendant's evidence pertinent to the second prong and deny the claim where the evidence is insufficient to satisfy the second-prong standard. Gaitan, 209 N.J. at 350. Here, we find that even if plea counsel's performance was deficient by failing to file a Miranda motion, defendant has not satisfied the prejudice prong of Strickland by demonstrating that but for the alleged error there was a reasonable probability the result of the case would have been different. Strickland, 466 U.S. at 694. A defendant "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Gideon, 224 N.J. at 551 (quoting Strickland, 466 U.S. at 693). Defendant does not carry that burden here.

Defendant does not point to any evidence demonstrating that had his counsel filed a Miranda motion there is a reasonable probability that the result of his case would have been different. See Strickland, 466 U.S. at 693. That is because even if the motion had been filed and the court had suppressed the statement he had made to the police, the State's other proofs against him were

21

overwhelming and his statement added very little. The undisputed facts established defendant was alone in a vehicle he had been driving that reeked of the aroma of CDS-PCP with an open bag containing suspected CDS-PCP next to him and in plain view. And, according to the officers, defendant was visibly nervous, stuttering and sweating profusely. Thus, even if defendant's statement admitting that the drugs were his had been suppressed as the result of a Miranda motion, the State had sufficient evidence to arrest defendant, and seize the suspected CDS-PCP, and prevail at trial.

Thus, in our view, there is no evidence supporting a conclusion that but for his counsel's alleged error in failing to file a Miranda motion, there is a reasonable probability the result of the matter against him would have been different. To the contrary, the evidence established that suppression of the statement would not have had any effect on the disposition of charges against him. See State v. Pierre, 223 N.J. 560, 583 (2015) (explaining "[i]mportant to the prejudice analysis" under Strickland "is the strength of the evidence" against the defendant). Defendant's failure to affirmatively establish prejudice under Strickland's prejudice prong alone required the denial of his Miranda-motion PCR claim. Gaitan, 209 N.J. at 350.

We also affirm the court's denial of defendant's claim his trial counsel was ineffective by failing to file the suppression and Miranda motions because

22

where, as here, a PCR petition challenges a conviction based on a guilty plea, the defendant must demonstrate a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." Nuñez-Valdéz, 200 N.J. at 139. Defendant failed to sustain this burden and that failure required denial of his ineffective-assistance-of-counsel claim.

Defendant does not address directly his burden of demonstrating that but for his counsel's failure to file the suppression or Miranda motions, it would have been rational to forego the plea offer ~~to~~ and proceed to trial. He argues only that had plea counsel filed the Miranda motion and a motion to suppress the CDS-PCP evidence, his entire case would have been dismissed, thereby suggesting that his plea to a third-degree offense with a sentence of probation would have been unnecessary.

We agree with the court that notwithstanding defendant's assertion, he offered no proof that, facing a trial on the multiple very serious charges in the indictment, including a first-degree offense carrying an exposure to up to a twenty-year sentence, it would have been rational for him to forego a plea to a third-degree possession of CDS-PCP charge with a recommended sentence of three-years' probation. Defendant's PCR petition is untethered to any facts demonstrated by competent evidence establishing that but for counsel's alleged

errors, it would have been rational to reject the plea offer and proceed to trial. We have consistently held that PCR claims must be supported by "an affidavit or certification by defendant or by others setting forth with particularity" the facts upon which they are based. Jones, 219 N.J. at 312. Defendant offers no such facts here.

Moreover, as we have explained, defendant makes no showing the putative motion to suppress evidence would have had merit or that had a Miranda motion been successful, the resulting suppression of his statement, when considered in the context of the other evidence, would have impacted the State's proofs of the crimes charged in any measurably way. As such, other than defendant's conclusory claim to the contrary, the record is bereft of evidence it would have been rational of him to forego the offered plea to a third-degree possessory CDS offense with a probationary sentence and proceed to trial on a first-degree charge that carried a presumption of imprisonment and a sentence of between ten and twenty years, and other charges as well. See N.J.S.A. 2C:44-1(d); N.J.S.A. 2C:43-6(1); see also State v. O'Donnell, 435 N.J. Super. 351, 376 (App. Div. 2014) (explaining the defendant, who had claimed plea counsel was ineffective, did not establish prejudice under Strickland's second prong because he had failed to present "sufficient evidence to show 'a reasonable probability

that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial'" (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985))).

Finally, we reject defendant's argument that plea counsel provided ineffective assistance by failing to obtain all discovery. As the PCR court found, defendant's argument lacks merit because defendant fails to identify—even generally—what additional discovery he claims counsel failed to obtain by providing an affidavits or certification in support of his argument. R. 3:22-10(c), (e)(2). A defendant claiming counsel was ineffective by failing to conduct an investigation "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings 321 N.J. Super. at 170. Defendant's petition is devoid of any such facts.

Based on our de novo review of defendant's PCR petition, we discern no basis to conclude the PCR court erred in finding defendant failed to sustain his burden of proof under Strickland on all his claims. For these reasons, the PCR court did not err in finding that plea counsel's actions did not fall below the "objective standard of reasonableness."

Finally, as to defendant's first argument that the PCR court erred by denying his claims without an evidentiary hearing. The pertinent rule states:

25

A defendant [is] entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.

[R. 3:22-10(b).]

Having correctly concluded defendant failed to establish a prima facie case under the Strickland standard, the PCR court properly denied defendant's request for an evidentiary hearing. Preciose, 129 N.J. at 462-63.

To the extent we have not addressed all of defendant's arguments, we deemed them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(E)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION